## HARDING et al. v. GRAND COURT OF CAL-ANTHA, Inc.
### No. 1099.

Court of Appeal of Louisiana. First Circuit. Jan. 24, 1933.

Charles J. Mundy, of New Orleans, for appellants.

Frank B. Smith, of New Orleans, for appellee.

**ELLIOTT, J.**

Matilda Harding, Rosa Knox, and Alberta Kenner, wife of Kelly C. Richard, sue to recover of Grand Court of Calantha, Inc., of Shreveport, the sum of $375 which they allege is due them by the said defendant on a death benefit certificate issued to Julia Kenner or Julia Knox.

They allege that the said Julia Kenner or Julia Knox departed this life on October, 19, 1929; that she was a member of said organization at the time of her death; that plaintiffs are her sole beneficiaries; that the said amount is due them by the said defendant, but that the defendant refuses to pay.

Grand Court of Calantha, Inc., appeared, and for answer denied liability, setting up defenses, but, as the record contains no note of testimony and no statement of facts, it is not necessary to recapitulate the reasons why the defendant contends it is not liable.

The claim of the plaintiffs was rejected in the lower court, and they have brought up this appeal.

The minutes of the lower court show that the case was taken up for trial pursuant to previous assignment, and that evidence was introduced on the trial, the judgment appealed from reciting that: "when, after hearing the pleadings, the evidence adduced, and the arguments of counsel, the court, considering the law and the evidence to be in favor of the defendant and against the plaintiff."

The record shows that evidence was introduced on the trial, and that the lower court, acting on same, rejected plaintiffs' demand.

Plaintiffs' brief contains a statement to the effect that the stenographer who took the note of evidence claims that he destroyed his notes, so that the record is incomplete. It is therefore by them urged that the judgment appealed from be set aside and the case returned to the lower court for new trial, citing authorities.

If it did not appear that the destruction was due to the action of the plaintiffs and appellants, in requesting through their attorney that the testimony be not transcribed, these authorities would be pertinent, but, as it is, the fault for the situation must be imputed to them and their request for a remand and a new trial refused.

The clerk of court in his certificate to the transcript, under the number 14, makes this remark concerning documents listed in the record: "Affidavit of stenographer relative to the testimony taken at trial of case."

Listed under the number stated, the record contains the affidavit of W. S. Ostheimer, stenographer, before one of the deputy clerks of court, and which was filed in the record to the effect, that immediately after the conclusion of the taking of the testimony the court decided the case in favor of the defendant, rejecting plaintiffs' demand. Affiant then asked the attorney for the plaintiffs if he desired said evidence transcribed for the benefit of the appellate court, whereupon the said attorney inquired of him what the testimony would cost if transcribed. Affiant advised him that the cost would be between $30 and $40. Said attorney then advised affiant that he did not intend to appeal the case, and asked what his charge would be for his work, if the notes were not transcribed, whereupon affiant told him it would be $10, which the said attorney then and there paid. That affiant did not preserve the notes taken after having been told by plaintiffs' attorney that he did not want them transcribed and did not intend to appeal said case.

Such being the case, we will assume in compliance with jurisprudence on the subject, volume 1, Louisiana Digest, Subject, Appeal, § 577, p. 575, and sections 594, 595, 596, pp. 582 and 583, that the evidence heard justified the judgment rendered.

Judgment affirmed; plaintiff and appellant to pay the cost in both courts.